**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Tramaine Edward Martin, | : | Case No. 01:11CV2478 |
| Petitioner, | : | |
| vs. | : | |
| Margaret A. Bradshaw, Warden, | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Respondent. | : | |

**I. INTRODUCTION.**

This case was automatically referred to the undersigned Magistrate Judge for report and recommendation pursuant to 72.2(b)(2) of the UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO LOCAL CIVIL RULES.  Pending are Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus, filed November 15, 2011 (Docket No. 1) and Respondent's Return (Docket No. 13).  Given the filing date of the petition, the provisions of the ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996) apply. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

For the reasons set forth below, the Magistrate recommends the Court deny the Petition for Writ of Habeas Corpus.

## II. Factual Background.

Under AEDPA, "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). The following evidence was presented during this case:

{¶ 5} According to the record, Martin became involved in a flight from the police on Christmas Eve, 2009. Some Cleveland police officers observed him driving on the wrong side of the street near West 65th Street and Detroit Avenue. When they attempted to stop him, he proceeded to enter the freeway, continuing eastbound in the westbound lanes. Martin finally "bailed" from the vehicle only to be captured; the vehicle he drove proved to have been stolen.

*State v. Martin*, 2011 Ohio App. LEXIS 165 (Ohio Ct. App. 2011), *cert. denied* 129 Ohio St. 3d 1474 (Ohio 2011).

## III. Procedural Background.

### A. Indictment and dismissal of case No. CR-07-532936.

Petitioner was indicted by a Cuyahoga County, Ohio, Grand Jury on January 20, 2010, on the following five counts:

| | |
|---|---|
| Count 1 | Failure to comply with an order or signal of a police officer, a violation of Ohio Rev. Code § 2921.331 (B). |
| Count 2 | Failure to comply with an order or signal of a police officer, a violation of Ohio Rev. Code § 2921.331 (B). |
| Count 3 | Failure to comply with an order or signal of a police officer, a violation of Ohio Rev. Code § 2921.331 (A). |
| Count 4 | Receiving stolen property, a violation of Ohio Rev. Code § 2913.51(A). |
| Count 5 | Possessing criminal tools, a violation of Ohio Rev. Code § 2923.24(A). |

(Docket No. 13, Attachment 1, pp. 1-3 of 297).

On January 29, 2010, Petitioner filed a *pro se* motion to dismiss the indictment, alleging it failed to include the necessary mens rea for Counts One, Two, Four, and Five (Docket No. 13,

Attachment 1, pp. 5-7 of 297) . The motion was denied on April 2, 2010 (Docket No. 13, Attachment 1, p. 8 of 297). Petitioner filed a motion for reconsideration on that same date (Docket No. 13, Attachment 1, pp. 9-14 of 297). Again the motion was denied (Docket No. 13, Attachment 1, p. 15 of 297). On April 22, 2010, Petitioner filed a *pro se* motion to dismiss all charges on speedy trial grounds (Docket No. 13, Attachment 1, pp. 16-21 of 297). The motion was denied (Docket No. 13, Attachment 1, p. 25 of 297).

On June 7, 2010, Petitioner executed a waiver of his right to counsel, electing to proceed *pro se* (Docket No. 13, Attachment 1, p. 26 of 297). The Court, however, appointed standby counsel to advise Petitioner (Docket No. 13, Attachment 1, p. 26 of 297). The very next day, June 8, 2010, Petitioner entered into a plea bargain with the State, withdrew his initial "not guilty" plea, and entered a plea of guilty to Counts One and Four (Docket No. 13, Attachment 1, p. 27 of 297).  Counts Two, Three, and Five were nolled (Docket No. 13, Attachment 1, p. 27 of 297). The Court of Common Pleas of Cuyahoga County sentenced Petitioner to a total twenty-four months imprisonment, fifteen months for the failure to comply under Count One and nine months for receiving stolen property under Count Four, to be served consecutively (Docket No. 13, Attachment 1, p. 27 of 297). The Court also imposed a mandatory lifetime suspension of Petitioner's driver's license (Docket No. 13, Attachment 1, p. 27 of 297).

**B.**  **THE DIRECT APPEAL**.

Petitioner perfected a notice of appeal in the Eighth Judicial District Court of Appeals for Cuyahoga County, Ohio, on June 16, 2010 (Docket No. 13, Attachment 1, p. 28 of 297). On August 31, 2010, Petitioner presented four assignments of error/issues to the Court of Appeals:

1.  The trial court committed plain error when it accepted Petitioner's guilty plea to allied offenses of similar import.
2.  The trial court committed plain error when it imposed a Class I lifetime driver's

3

license suspension pursuant to O.R.C. § 2921.331(E).

3.     It was constitutional error to accept Petitioner's guilty pleas to an offense which failed to convey subject matter jurisdiction.

4.     The trial court lacked the jurisdiction to decide Petitioner's case.

(Docket No. 13, Attachment 1, pp. 42-55 of 297).

On September 9, 2010, the State filed its Answer Brief in opposition to each of Petitioner's issues on appeal (Docket No. 13, Attachment 1, pp. 59-71 of 297). Petitioner filed a Motion for Leave to Supplement Authorities, Instanter on September 21, 2010 (Docket No. 13, Attachment 1, pp. 72-75 of 297). The Court of Appeals denied this motion, stating Petitioner's Motion for Leave was essentially a Reply Brief, a pleading not permitted in accelerated appeals (Docket No. 13, Attachment 1, p. 76 of 297).

On January 20, 2011, the Court of Appeals overruled all four assignments of error and affirmed Petitioner's conviction. *State v. Martin*, 2011 Ohio App. LEXIS 165 (Ohio Ct. App. 2011).

C.     **MOTION FOR RECONSIDERATION**

Petitioner filed a Motion for Reconsideration on January 28, 2011 (Docket No. 13, Attachment 1, pp. 85-89 of 297). The State filed an opposition (Docket No. 13, Attachment 1, pp. 90-94 of 297). Petitioner's motion was denied on February 15, 2011 (Docket No. 13, Attachment 1, p. 95 of 297).

D.     **MOTION FOR RELIEF FROM JUDGMENT**

On March 25, 2011, Petitioner filed a Motion for Relief from Judgment under the authority of Ohio Rule of Civil Procedure 60(B)(5) (Docket No. 13, Attachment 1, pp. 96-99 of 297). Petitioner requested the Court of Appeals reissue its February 15, 2011, judgment denying reconsideration of Petitioner's direct appeal, in compliance with the Rules of Practice for the

Supreme Court of Ohio (Docket No. 13, Attachment 1, p. 96 of 297). The motion was denied on March 28, 2011 (Docket No. 13, Attachment 1, p. 104 of 297).

**E.    APPEAL TO THE SUPREME COURT OF OHIO**

On April 8, 2011, Petitioner filed an untimely notice of appeal in the Supreme Court of Ohio (Docket No. 13, Attachment 1, pp. 105-106 of 297). On the same date, Petitioner filed a Motion for Leave to file a Delayed Appeal (Docket No. 13, Attachment 1, pp. 107-110 of 297). In his memorandum, Petitioner reiterated the propositions of law and arguments presented to the appellate court and gave the following explanations as to why his claim involved a substantial constitutional question:

1.    "There has been an unreasonable application of recent Supreme Court precedent.
2.    "There has been a questioning of legislative motives behind creating a prophylactic clause against *ex post facto* ills."
3.    "There has been a denial of equal protection of vacating void judgments."

(Docket No. 13, Attachment 1, pp.124-136 of 297).

On September 21, 2011, Chief Justice Maureen O'Connor ruled Petitioner's appeal did not involve a substantial constitutional question and therefore denied leave to appeal. *State v. Martin*, 129 Ohio St. 3d 1474 (Ohio 2011).

**F.    REQUEST FOR POST-CONVICTION RELIEF.**

Concurrent with his direct appeal, on July 22, 2010, Petitioner filed an application for post-conviction relief pursuant to Ohio Revised Code § 2953.21 (Docket No. 13, Attachment 1, pp. 153-156 of 297). Petitioner's attached memorandum included three claims:

1.    Because a speedy trial violation is jurisdictional in nature, a guilty plea or pleas cannot waive all complaints therefrom.
2.    Accepting a guilty plea to an allied offense of similar import affronted the Double Jeopardy Clause.
3.    The Class I lifetime driver's license suspension affronts *ex post facto* protections.

5

(Docket No. 13, Attachment 1, pp. 153-156 of 297).

Petitioner's application was denied by the trial court on September 23, 2010 (Docket No. 13, Attachment 1, p. 164 of 297).

### G.    MOTION FOR LEAVE TO FILE SUMMARY JUDGMENT

On October 4, 2010, Petitioner filed a Motion for Leave to File for Summary Judgment with respect to the denial of his post-conviction relief application, citing a violation of constitutional rights (Docket No. 13, Attachment 1, pp. 165-168 of 297). The State opposed Petitioner's motion, arguing Petitioner failed to provide any evidence he was entitled to such relief (Docket No. 13, Attachment 1, pp. 170-174 of 297). The trial court summarily denied Petitioner's motion on November 19, 2010 (Docket No. 13, Attachment 1, p. 175 of 297).

### H.    MOTION FOR RELIEF FROM JUDGMENT

On November 1, 2010, Petitioner filed a Motion for Relief from Judgment pursuant to Civil Rule 60(B) (Docket No. 13, Attachment 1, pp. 176-178 of 297). His attached memorandum included three claims:

1.    "The Court's denial of Petitioner's Motion for Post Conviction Relief disregarded Petitioner's substantive rights afforded to him by O.R.C. § 2953.21(G)."
2.    "The Court's denial of Petitioner's Motion for Post Conviction Relief affronted the doctrine of *stare decisis*."
3.    "Respondent's motion to Petitioner's brief regarding his Motion for Post Conviction Relief was untimely and not served on Petitioner."

 (Docket No. 13, Attachment 1, pp. 176-178 of 297).

The State opposed Petitioner's motion, arguing Petitioner's issues should have been, but failed to be, raised either during trial or on appeal and were therefore barred by the doctrine of *res judicata* (Docket No. 13, Attachment 1, pp. 179-182 of 297). On February 16, 2011, the Court of Common Pleas agreed, finding Petitioner failed to sustain his burden under R.C.

§ 2953.21(C) (Docket No. 13, Attachment 1, pp. 183-187 of 297). In its finding of facts and
conclusions of law, the Court substantiated its findings for three reasons: (1) Petitioner
knowingly and voluntarily entered guilty pleas to Counts One and Four, thereby waiving any
alleged errors in the indictment and any failure to comply with statutory speedy trial
requirements; (2) Counts One and Four are not allied offenses of similar import; and (3)
imposition of the lifetime driver's license suspension was appropriate given Petitioner's previous
conviction for failure to comply (Docket No. 13, Attachment 1, pp. 183-187 of 297).

I.    **PETITION FOR WRIT OF MANDAMUS**

       On January 25, 2011, Petitioner filed a Petition for Writ of Mandamus against
Respondent Judge Michael Russo, asking the Court of Appeals to compel Judge Russo to: (1)
issue facts and conclusions of law in response to Petitioner's motion for post-conviction relief;
and (2) vacate Petitioner's judgment of conviction based upon double jeopardy (Docket No. 13,
Attachment 1, pp. 188-193 of 297). The State filed a motion for summary judgment on February
22, 2011, arguing Petitioner's claims were barred by the doctrine of *res judicata* (Docket No. 13,
Attachment 1, pp. 204-209 of 297). According to the State, Petitioner exercised his legal right to
argue these claims during his direct appeal (Docket No. 13, Attachment 1, p. 208 of 297).
Petitioner opposed the State's motion for summary judgment (Docket No. 13, Attachment 1, pp.
215-218 of 297) and filed his own Motion to Proceed to Judgment on May 19, 2011 (Docket No.
13, Attachment 1, pp. 219-222 of 297).

       On June 28, 2011, the Court of Appeals granted the State's motion for summary
judgment and denied Petitioner's Motion to Proceed to Judgment and his Writ of Mandamus.
*State ex rel. Tramaine Martin v. Russo*, 2011 Ohio App. LEXIS 2800 (Ohio Ct. App. 2011). In
its opinion, the Court cited several reasons for denying Petitioner's Writ: (1) allied offense

7

claims and sentencing issues are not jurisdictional and are thus properly addressed on appeal, not

through an extraordinary writ; (2) appeal, not mandamus, is the proper remedy for addressing

issues of double jeopardy and *ex post facto* claims; and (3) Petitioner had already appealed all

issues set forth in his Writ and was thus barred from further litigation on the same claims. *Id.*

**J.      APPEAL FROM DENIAL OF WRIT OF MANDAMUS**

On July 18, 2011, Petitioner appealed the denial of his Writ of Mandamus petition to

the Ohio Supreme Court (Docket No. 13, Attachment 1, pp. 233-234 of 297). In his motion brief,

Petitioner cited three supporting propositions of law:

1. A Court of Appeals errs in a mandamus proceeding by granting summary judgment pursuant to principle of adequate remedy at law and doctrine of *res judicata* where unlawful orders sought to be vacated are void *ab initio*.
2. *State v. Johnson* (2010), 128 OS3d 153 did not fully abandon the factor of offenses' elements when conducting an analysis under R.C. § 2941.25, but expanded prophylactic purpose to include conduct, facts, and evidence of the case.
3. A sentencing sanction is void *ab initio* if it falls outside of the statutory range, thereby demonstrating error where Court of Appeals collaterally estops its inclusion in mandamus proceedings.

(Docket No. 13, Attachment 1, pp. 245-256 of 297).

The State filed its Merit Brief in opposition to Petitioner's appeal on August 31, 2011

(Docket No. 13, Attachment 1, pp. 257-263 of 297). Petitioner filed a reply brief on September

8, 2011 (Docket No. 13, Attachment 1, pp. 264-268 of 297).

On November 1, 2011, the Supreme Court of Ohio affirmed the decision of the Court

of Appeals, stating Petitioner's claims were not cognizable in an action for an extraordinary writ

because such claims were more appropriately raised on direct appeal. *State ex rel. Tramaine*

*Martin v. Russo*, 130 Ohio St. 3d 269 (Ohio 2011). Further, the Court held Petitioner was barred

from raising such claims because of *res judicata*. *Id.*

8

**K.      MOTION FOR JUDICIAL RELEASE**

On July 19, 2011, Petitioner filed a Motion for Judicial Release, arguing such action was necessary given: (1) Petitioner's good behavior during his incarceration; and (2) his family's financial need (Docket No. 13, Attachment 1, pp. 272-273 of 297). The State opposed Petitioner's motion given his extensive criminal history and lack of remorse (Docket No. 13, Attachment 1, pp. 274-276 of 297).

On August 1, 2011, the Court of Common Pleas denied Petitioner's motion (Docket No. 13, Attachment 1, p. 277 of 297).

**L.      SECOND PETITION FOR POST-CONVICTION RELIEF**

On August 18, 2011, Petitioner filed a second Motion for Post Conviction Relief, arguing the State committed a violation of *Brady v. United States* (397 U.S. 742 (1970)) ("*Brady*"), thereby denying him due process of law (Docket No. 13, Attachment 1, pp. 278-282 of 297). Specifically, Petitioner argued the State, during a Motion to Suppress hearing on June 7, 2010, allegedly denied knowledge of any eyewitnesses to Petitioner's crime, thereby forcing Petitioner to enter a guilty plea (Docket No. 13, Attachment 1, pp. 278-282 of 297). On October 6, 2011, the State filed its response in opposition to Petitioner's petition for post-conviction relief, arguing Petitioner failed to present sufficient evidence to support his motion (Docket No. 13, Attachment 1, pp. 283-286 of 297).

On October 18, 2011, Petitioner filed a Motion for Judgment on the Pleadings with respect to a request for transcripts at the State's expense (Docket No. 13, Attachment 1, pp. 287-288 of 297). Petitioner also filed a proposed journal entry granting this motion (Docket No. 13, Attachment 1, p. 289 of 297). The State filed its brief in opposition to Petitioner's Motion on November 8, 2011 (Docket No. 13, Attachment 1, pp. 293-296 of 297).

On November 18, 2011, the Court of Common Pleas denied Petitioner's second motion for post conviction relief (Docket No. 13, Attachment 1, p. 297 of 297).

M.      **PETITION FOR WRIT OF HABEAS CORPUS.**

Petitioner filed a Petition under § 2254 for Writ of Habeas Corpus on November 14, 2011, which is now before this Court, alleging four grounds for relief: (1) Petitioner's convictions were obtained by a violation of the protection against double jeopardy; (2) imposing a Class I driver's license suspension affronts *ex post facto* provisions under Ohio law; (3) Petitioner's convictions and sentences are invalid pursuant to a blatant failure to comport with his right to a speedy trial; and (4) the State committed a *Brady* violation which denied Petitioner's due process of law (Docket No. 1).

The State opposes all four claims of Petitioner's habeas petition and implores this Court to deny the Writ (Docket No. 13, pp. 15-27 of 27).

## IV. ANALYSIS

### A. PETITIONER'S GUILTY PLEA

Although not set forth by Petitioner at any time during the appeals process, the record of proceedings reflects that Petitioner knowingly and voluntarily entered into a guilty plea on Counts One and Four of the indictment, and did so *pro se*. In accordance with Ohio Rule of Criminal Procedure 11(C), Petitioner was fully advised that he had the right to consult with counsel prior to entering his guilty plea, a right Petitioner specifically chose to waive (Docket No. 13, Attachment 1, p. 26 of 297).

"The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (*quoting North Carolina v. Alford*, 400

10

U.S. 25, 31 (1970)). The voluntariness of a plea is determined by "considering all of the relevant circumstances surrounding it." *Brady v. United States*, 397 U.S. 742, 749 (1970). A court "should ensure that a plea is voluntary by conducting a colloquy on the record that includes, *inter alia*, a determination that the defendant understands the permissible range of sentences." *Cochran v. Kelly*, 2011 U.S. Dist. LEXIS 101389, *23 (N.D. Ohio 2011) (*citing Boykin v. Alabama*, 395 U.S. 238, 242, n.7 (1969)). Failure by defendant's counsel or the court to ensure defendant has the correct information about his maximum potential sentence is grounds for habeas relief. *Hart v. Marion Correctional Institution*, 927 F.2d 256, 257 (6th Cir. 1991).

Petitioner had every opportunity to obtain the advice of standby counsel before entering into any plea agreement with the State; he opted not to take advantage of this right. Petitioner also had the opportunity to proceed to trial instead of entering his guilty plea; again, an option he chose to forfeit. Petitioner's plea was accepted only after the trial court conducted a full and thorough colloquy. *Martin*, 2011 Ohio App. LEXIS, at ¶ 8. Petitioner was undoubtedly informed of the potential sentence to be imposed and had the opportunity to inquire of the trial court the implications of his guilty plea. There is no evidence contained anywhere in the record that Petitioner took advantage of any of these opportunities. Consequently, Petitioner's claims as a whole lack merit.

**B. PROCEDURAL ISSUES**

In the alternative, Petitioner fails to provide any ground upon which this Magistrate may grant relief. Although Petitioner's first, second and third claims have been adequately raised and are subject to habeas review, the Magistrate finds them to be without merit. Petitioner's fourth claim, that the State committed a *Brady* violation by failing to acknowledge eyewitness

11

testimony, was not exhausted at the state level and is therefore procedurally defaulted. The

Magistrate deals first with this procedural issue.

### 1.    PROCEDURAL DEFAULT STANDARD OF REVIEW

As a threshold matter, claims in federal habeas corpus can only be pursued if certain

procedural requirements are met. Federal courts lack jurisdiction to consider a habeas petition

claim not fairly presented to the state courts. *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir.

2004) (*citing Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)). A petitioner "fairly presents

a federal habeas claim to the state courts only if he 'asserted both the factual and legal basis for

his claim.'" *Hicks v. Straub*, 377 F.3d 538, 552 (2004) (*quoting McMeans v. Brigano*, 228 F.3d

674, 681 (6th Cir. 2000)). In making this determination, a habeas court may consider whether:

> (1) the petitioner phrased the federal claim in terms of the pertinent constitutional
> law or in terms sufficiently particular to allege a denial of the specific
> constitutional right in question; (2) the petitioner relied upon federal cases
> employing the constitutional analysis in question; (3) the petitioner relied upon
> state cases employing the federal constitutional analysis in question; or (4) the
> petitioner alleged 'facts well within the mainstream of [the pertinent]
> constitutional law.

*McMeans*, 228 F.3d at 681.

Not only must a state prisoner fairly present his case to the state courts, he must also

*exhaust* his state remedies before bringing his claim in a federal habeas corpus proceeding.

28 U.S.C. § 2254(b), (c). A habeas petitioner satisfies the exhaustion requirement when the

highest court in the state in which the petitioner has been convicted has had a full and fair

opportunity to rule on the claims. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). If there remains

a remedy under state law the petitioner has not yet pursued, exhaustion has not occurred, and the

federal habeas court cannot entertain the merits of the claim. *Drummond v. Houk*, 761 F.Supp.2d

638, 662 (N.D. Ohio 2010).

12

In *Maupin v. Smith,* (785 F.2d 135 (6th Cir. 1986)), the Sixth Circuit outlined that now familiar test to be followed in cases of potential procedural default. First, the federal court must determine whether there is a state procedural rule applicable to the petitioner's claim and whether the petitioner failed to comply with that rule. *Maupin*, 785 F.2d at 138.  Second, the federal court must determine whether the state courts enforced the state procedural sanction - that is, whether the state courts actually based their decisions on the procedural rule. *Id*. Third, the federal court must consider whether the state rule is an adequate and independent state ground on which the state can rely to foreclose federal review of a federal constitutional claim. *Id*. To be independent, "a state procedural rule and the state courts' application of it 'must rely in no part on federal law.'" *Drummond*, 761 F.Supp.2d at 663 (*citing Fautenberry v. Mitchell*, 2001 U.S. Dist. LEXIS 25700 (S. D. Ohio 2001)).  To be adequate, "a state procedural rule must be 'firmly established and regularly followed' by the state courts at the time it was applied. *Drummond*, 761 F.Supp.2d at 663 (*quoting Beard v. Kindler*, 130 S.Ct. 612, 617 (2009)).

In determining whether the first three *Maupin* factors are met, the federal court looks to the "last explained state court judgment." *Drummond*, 761 F.Supp.2d at 664 (*citing Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)). If this court rendered its opinion based on the state procedural bar, default occurs. *Maupin*, 785 F.2d at 138. If this court reached its opinion based on the merits of the claim, default does not occur and the federal habeas court may also consider the merits of the claim. *Id*.

Finally, under *Maupin*, if a claim is procedurally defaulted, a federal court may only consider the merits of the claim if the petitioner demonstrates either: (1) there was cause for him not to follow the procedural rule and he was actually prejudiced by the alleged constitutional error; or (2) a fundamental miscarriage of justice will result from a bar of federal habeas review.

13

*Id.* at 138. With regard to the first option, to establish "cause,"a petitioner must generally show that some objective factor, something external to himself, precluded him from complying with the state procedural rule. *Kirby v. Beightler,* 2010 U.S. Dist. LEXIS 87158, *14 (N.D. Ohio 2010). To establish "prejudice," the petitioner must show the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension. *Id.* There can be no prejudice if the petitioner cannot show a reasonable probability of a different outcome at trial. *Id.*

The second option, demonstrating a fundamental miscarriage of justice, is closely tied to the "actual innocence" doctrine. *Gibbs v. United States*, 655 F.3d 473, 477-78 (6th Cir. 2011) (*citing Schlup v. Delo*, 513 U.S. 298, 321 (1995)). According to the United States Supreme Court, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Actual innocence is an extremely narrow exception, and one that is very rarely successful. *Gibbs*, 655 F.3d at 477-78.

To demonstrate a fundamental miscarriage of justice, a petitioner must prove he or she is *actually* innocent of the crime for which he or she was convicted. *Brinkley v. Houk*, 2012 U.S. Dist. LEXIS 60621 (N.D Ohio 2012). Actual innocence means factual innocence, not mere legal insufficiency. *Id*. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Cleveland v. Bradshaw*, 760 F.Supp.2d 751, 756 (N.D. Ohio 2011) (*quoting Schlup v. Delo*, 513 U.S. 298, 327 (1995)). To prevail, a petitioner must support his allegations with new reliable

evidence not presented at trial, whether it be exculpatory evidence, scientific evidence, critical

physical evidence, or trustworthy eyewitness accounts. *Bradshaw*, 760 F.Supp.2d at 756.

## 2. PETITIONER'S FOURTH CLAIM WAS NOT EXHAUSTED AT THE STATE LEVEL AND IS PROCEDURALLY DEFAULTED.

Petitioner's fourth claim alleges the State committed a *Brady* violation by denying any

knowledge of eyewitnesses to Petitioner's crime (Docket No. 1, pp. 9-10 of 10). This denial,

Petitioner alleges, translates into "a reasonable probability sufficient enough to undermine

confidence in [the] validity of [Petitioner's] guilty pleas" (Docket No. 1, p. 9 of 10). Petitioner

first raised this issue in his second petition for post-conviction relief on August 11, 2011 (Docket

No. 13, Attachment 1, pp. 278-282 of 297). The Court of Common Pleas disagreed with

Petitioner and denied his motion (Docket No. 13, Attachment 1, p. 297 of 297). Petitioner failed

to appeal.

Analyzing Petitioner's claim under the *Maupin* test, the Magistrate finds Petitioner

failed to make use of the opportunity to appeal the denial of his second motion for post-

conviction relief. Ohio Revised Code § 2953.23(B) is explicit in stipulating an order awarding or

denying post-conviction relief is a final order for which appeal is available "pursuant to section

2953.21." The Court of Common Pleas denied Petitioner's motion on November 18, 2011

(Docket No. 13, Attachment 1, p. 297 of 297). Under Ohio App. R. 4, Petitioner had thirty (30)

days to appeal this ruling - he failed to do so. Petitioner is now barred from appealing this ruling.

"A delayed appeal pursuant to App. R. 5(A) is not available in the appeal of a postconviction

relief determination pursuant to R.C. 2953.23(B)." *Ohio v. Nichols*, 11 Ohio St.3d 40, 43 (1984).

Therefore, under the *Maupin* test, Petitioner's claim of a *Brady* violation is procedurally

defaulted. The Magistrate may only excuse this default and consider Petitioner's claim on the

15

merits if he can demonstrate either: (1) there was cause for Petitioner not to follow the procedural rule (*i.e.* appeal the denial of his post-conviction relief) and Petitioner was actually prejudiced by the alleged constitutional error; or (2) a fundamental miscarriage of justice would result from a bar of federal habeas review.

Petitioner fails to satisfy either alternative. The record is devoid of any justification as to why Petitioner failed to appeal the denial of his second post-conviction relief petition. Consequently, Petitioner has failed to show prejudice. Although Petitioner would certainly argue his current sentence is a fundamental miscarriage of justice, this Magistrate does not agree. Petitioner has failed to present any substantial or trustworthy evidence of his "actual innocence." According to Petitioner, he was forced to plead guilty when the State denied the existence of any eyewitnesses to his crime (Docket No. 1, p. 9 of 10). Further, Petitioner alleges that during his civil trial against the arresting officers, one of the officers testified to "not seeing [Petitioner] run from the vehicle" in question and that there were three eyewitnesses who claimed Petitioner was not the person who exited the vehicle in question (Docket No. 1, p. 9 of 10). There is simply not enough information in the record to determine the strength of Petitioner's argument. Petitioner fails to include any judgment or transcripts from this civil proceeding to support his allegations.

Therefore, given Petitioner's failure to exhaust his legal remedies within the state courts, and the inability of this Magistrate to find either just cause and actual prejudice or a fundamental miscarriage of justice, Petitioner's fourth claim is procedurally barred. As such, this Magistrate will not consider the merits of Petitioner's fourth claim.

## C.        HABEAS CORPUS PETITION

To garner federal review, it is essential the legal claims raised by the Petitioner in the state court be the substantial equivalent of the claims raised in his federal petition. Here,

Petitioner fairly presented three claims to the state courts: (1) his convictions were obtained through a violation of the protection against double jeopardy; (2) the imposition of a Class I driver's license suspension affronted *ex post facto* provisions; and (3) his conviction violated his Sixth Amendment right to a speedy trial (Docket No. 1, pp. 4-10 of 10). Therefore, Petitioner's First, Second, and Third Claims are subject to habeas review.

### 1.  HABEAS STANDARD OF REVIEW

An application for a writ of habeas corpus on behalf of a person in custody shall not be granted with respect to any claim adjudicated on the merits in state court proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  A decision is "contrary to" clearly established federal law when the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A decision results in an "unreasonable application" of clearly established federal law when the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.  *Id*. at 413. The term "unreasonable" must be based on an objective interpretation. Therefore, a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of

17

the prosecution, and must defer to that resolution." *Id*. (*citing Jackson v. Virginia*, 99 S. Ct. 2781, 2792-93 (1979)).

In order to obtain federal habeas corpus relief, a petitioner must establish the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (*quoting Harrington v. Richter*, 131 S.Ct. 770, 786–87 (2011)). This bar is difficult to meet because "'habeas corpus is a guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011) (*citing Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979).  In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 131 S.Ct. at 786 (*quoting Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The petitioner carries the burden of proof.  *Harrington*, 131 S.Ct. at 787.

## 2.  CLAIM ONE

In his first claim, Petitioner argues the state court improperly convicted him of "allied offenses of similar import," thus violating the constitutional protection against double jeopardy (Docket No. 1, pp. 7-8 of 10). Petitioner is mistaken. The Ohio Supreme Court, in *State v. Johnson*, (128 Ohio St. 3d 153 (2010)), stated the standard for determining whether offenses are "allied offenses of similar import under R.C. 2941.25(A):"

> In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other. . . If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

18

> If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind."
>
> If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.
>
> Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, . . . the offenses will not merge. 128 Ohio St. 3d at 162-63 (internal citations omitted).

Having conducted an independent review of the evidence, the Magistrate recommends the Court defer to the rulings of the Court of Appeals, as there is sufficient evidence to support Petitioner's convictions for Failure to Comply and Receiving Stolen Property. The state Court of Appeals failed to acknowledge Petitioner's crimes as "allied offenses." Petitioner fails to demonstrate this decision violates United States Supreme Court precedent. Although the double jeopardy clause is designed to protect a defendant against multiple punishments for a singular offense, this does not mean every imposition of multiple or cumulative punishments violates double jeopardy. *State v. Strozier*, 1994 Ohio App. LEXIS 4656, *10 (Ohio Ct. App. 1994).

Petitioner was sentenced to a violation of R.C. § 2921.331(C)(4), fleeing after the commission of a felony. Under R.C. § 2921.331(D), an offender, if sentenced to any provision under the statute, "shall serve the prison term consecutively to any other prison term . . . imposed upon the offender." Therefore, any imprisonment related to this crime must be served *consecutively* to that of any other crime.

Even more convincing is Petitioner's own guilty plea to both offenses. Petitioner was afforded the benefit of counsel, a right he waived (Docket No. 13, Attachment 1, p. 26 of 297). Petitioner knowingly and voluntarily changed his plea from "not guilty" to "guilty"

19

(Docket No. 13, Attachment 1, p. 27 of 297). If he had any doubt of the legitimacy of the charges or the ability of the court to sentence him to consecutive sentences, his approach should have, and could have, been different.

Resolving all conflicting inferences in a light most favorable to the prosecution, Petitioner's guilty plea must be upheld. This Court must defer to the state appellate court's sufficiency determination so long as it is not unreasonable.  Petitioner's claims that his conviction and sentencing was the result of double jeopardy is not based on substantial evidence and is therefore defeated and not a basis for habeas relief.

### 3.   CLAIM TWO

In his second claim, Petitioner argues the state court violated the *ex post facto* provision of the United States Constitution when it imposed a lifetime suspension of Petitioner's driver's license. Petitioner was previously convicted of a violation of R.C. § 2921.331, failure to comply, prior to the statutory effective date of January 1, 2004. It is therefore Petitioner's claim his previous conviction cannot be taken into account for purposes of determining the appropriate period of license suspension (Docket No. 1, p. 8 of 10). Legislative history and current case law state otherwise.

Ohio Revised Code § 2921.331 states an individual convicted of failure to comply with an order or signal of a police officer is guilty of a misdemeanor of the fourth degree if the "judge as trier of fact finds by proof beyond a reasonable doubt that, in committing the offense, the offender was fleeing immediately after the commission of a felony." R.C. § 2921.331(C)(4). If sentenced to a prison term for this violation, an offender "shall serve the prison term consecutively to any other prison term . . . imposed upon the offender."

R.C. § 2921.331(D). In addition to this prison term, or any other sanction imposed by the provision, a court must impose some form of license suspension upon the offender, governed by R.C. § 4510.02. R.C. § 2921.331(E). If the offender has previously been found guilty under § 2921.331, the court must impose a mandatory lifetime license suspension. R.C. § 4510.02(A)(1).

Petitioner's argument has been addressed and rejected by the Ohio Court of Appeals in *State v. Doyle* (2008 Ohio App. LEXIS 773 (Ohio Ct. App. 2008)). In *Doyle*, the defendant was found guilty of (1) receiving stolen property; and (2) failure to comply with an order or signal of a police officer. *Doyle*, 2008 Ohio App. LEXIS, at ¶ 1. The *Doyle* Defendant, like Petitioner, alleged the trial court violated the *ex post facto* clause "when it ordered [defendant's] driver's license be suspended for three years because R.C. 2921.331(E), which authorizes such suspension, was not enacted until after the commission of the crimes for which [defendant] was convicted." *Id*. The trial court disagreed, finding R.C. § 2921.331(E) identical to former R.C. § 4507.16(A)(1)(e), which had been in place long before defendant committed his crime. *Id*. at ¶ 10 ("Although subsection (E) of R.C. 2921.331 . . . was not made effective until January 1, 2004, such penalty . . . was permitted under R.C. 4507.16(A)(1)(e). The same legislation that enacted subsection (E) of R.C. 2921.331 also amended R.C. 4507.16 so as to delete subpart (A)(1)(e). In short, Senate Bill 123 simply moved the suspension penalty from R.C. 4507.16 to R.C. 2921.331."). *Id*.

Although Petitioner's first violation of R.C. § 2921.331(E) occurred prior to January 1, 2004, it is the date of his subsequent offense, sometime between December 17, 2009 and December 24, 2009, that controls. Since Petitioner's controlling failure to comply

21

occurred after January 1, 2004, § 2921.331(E) applies and the lifetime suspension is applicable. Therefore, Petitioner's second claim fails.

### 4. CLAIM THREE

In Claim Three, Petitioner alleges a violation of his Sixth Amendment right to a speedy trial, arguing that since the statutory time for a speedy trial elapsed, the trial court lacked jurisdiction to hear his case (Docket No. 1, pp. 8-9 of 10). Petitioner's claim is without merit. First, although Petitioner alleges his constitutional rights were trampled upon well before entering his guilty plea, Petitioner provides no evidence to support this claim. Further, Petitioner's claim is foreclosed by his guilty plea. It has long been a tenet of the Ohio Supreme Court that "a guilty plea waives a defendant's right to challenge his conviction on statutory speedy trial grounds pursuant to R.C. 2945.71(B)(2)." *State v. Kelley*, 57 Ohio St.3d 127, 130 (Ohio 1991).

As previously discussed, Petitioner made absolutely no argument, either to the state courts or this federal court, that his guilty pleas were anything but intelligent and voluntary. The trial court, after a thorough inquiry as to Petitioner's understanding of and desire to plead guilty, was satisfied Petitioner's pleas met both statutory and due process requirements. Petitioner's pleas therefore serve as a valid waiver of his constitutional rights and his third claim for habeas relief fails.

### VI. CONCLUSION

For these reasons, the Magistrate recommends the Court deny the Petition for Writ

of Habeas Corpus, deny the Motion Brief, and terminate the referral to the undersigned

Magistrate Judge.


/s/Vernelis K. Armstrong

United States Magistrate Judge

Date:          August 14, 2012


### VII. NOTICE

Please take notice that as of this date the Magistrate Judge's report and recommendation attached hereto has been filed.  Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to this report and recommendations within fourteen (14) days after being served with a copy thereof.  Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.  The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals.  In *Thomas v. Arn*, 106

S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.